UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hillmar-Ivan Bittner,                                   Civil No. 05-679 (JRT/FLN)

      Plaintiff,

      v.                                           **REPORT AND RECOMMENDATION**

Pemstar Inc., Roy Bauer,
Deborah Atherton, and
Carrie Glazier,

      Defendants.

_____

*Pro Se* Plaintiff.
Gregory Griffiths, for Defendants.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on September 9, 2005, on Defendants' Motion for Summary Judgment [#7]; Plaintiff's Motion for Default Judgment [#14]; and Plaintiff's Motion for Jury Trial [#16]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendants' Motion be granted and Plaintiff's Motions denied.

## I.  FINDINGS OF FACT

Plaintiff Hillmar-Ivan Bittner brings suit alleging that Defendants violated his First Amendment rights and defamed him when they terminated his employment. Defendant Pemstar Inc. ("Pemstar") employed Plaintiff in a manufacturing position from 1997 to 2005. See Complaint at 2. Defendant Deborah Atherton supervised Plaintiff from August 2004 until his termination in February 2005. During that time, Plaintiff was involved in legal proceedings in Olmsted County

District Court.  He often talked to his co-workers about his legal issues and court hearings.  Some

employees complained to Atherton about Plaintiff's conversations and asked her to stop his conduct.

See Atherton Aff.).  About the same time, another employee complained that Bittner often bragged

of his membership in a Native American tribe.  Atherton concluded that Plaintiff's comments were

unwelcome and that the employees felt harassed by him.  She concluded that the comments were

inappropriate for the workplace and appeared to be interfering with work.  Id.

Atherton discussed the complaints with Plaintiff and told him to stop talking about his legal

issues and heritage during work hours.  Plaintiff agreed to stop.  Shortly thereafter, some employees

complained that Plaintiff had offered them money to be witnesses for him in his court proceedings.

Pemstar officials concluded Plaintiff's conduct was improper, that he was harassing other

employees, that he had violated Pemstar policy and failed to follow orders to stop his conduct, and

that he was interfering with other employees' ability to work.  They terminated Plaintiff's

employment on Monday, February 14, 2005.  Id.

During his employment, Plaintiff complained about the withholding of state payroll taxes

from his paychecks.  On May 12, 2004, the Minnesota Department of Revenue advised Pemstar to

ignore Plaintiff's attempts to reduce his state tax withholdings.  Glazier Aff.

Plaintiff brought suit in April 2005, alleging that Defendants: 1) violated his First

Amendment free speech rights; 2) conspired to violate his First Amendment rights in violation of

18 U.S.C. section 241; 3) unlawfully withheld funds for state taxes; and 4) damaged his reputation

and employment record.  See Complaint at 1-2.

## II.  CONCLUSIONS OF LAW

### A.      Summary Judgment Standard of Review

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323-27 (1986).  Therefore, summary judgment is appropriate when the moving party establishes that there is no genuine issue as to any material fact and  the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 322-23.  For these purposes, a disputed fact is "material" if it must inevitably be resolved and the resolution will determine the outcome of the case; while a dispute is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party.  Id. at 255.  Thus, summary judgment is appropriate when the court has viewed the facts and the inferences drawn from those facts, in a light most favorable to the non-moving party, and found no triable issue.  See Southwall Technologies, Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995).

### B.      Plaintiff's First Amendment Claim Fails as a Matter of Law

Plaintiff claims that Defendants violated his First Amendment freedom of speech during his "personal break time."  Complaint at 1.  An employee, however, does not have First Amendment free speech rights at a private workplace.  Manson v. Little Rock Newspapers, Inc., 200 F.3d 1172 (8th Cir. 2000). The First Amendment prohibits both the federal government and the states (through its incorporation into the Fourteenth Amendment) from violating the rights of free expression and

association guaranteed by the First Amendment.  The First Amendment applies only to state actors.

See Niere v. St. Louis County, Missouri, 305 F.3d 834, 838 (8th Cir. 2002) (citation omitted).  The

guarantees of free speech guard only against encroachment by the government and "erec[t] no shield

against merely private conduct."  Shelley v. Kraemer, 334 U.S. 1, 13 (1948); see also Hudgens v.

NLRB, 424 U.S. 507, 513 (1976); Hurley v. Irish-American Gay, Lesbian & Bisexual Group of

Boston, 515 U.S. 557, 566 (1995).

In Manson, the plaintiff filed suit against her former employer, a newspaper publisher,

alleging she was wrongfully discharged for exercising her First Amendment rights to free speech

and free association.  The Eighth Circuit affirmed the District Court's grant of summary judgment

on the charge: "Simply put, the defendant is a private entity, not a governmental entity, and thus is

legally incapable of violating anyone's First Amendment rights." 200 F.3d at 1173.  Here, Pemstar,

like the defendant in Manson, is a private entity, and is not capable of violating anyone's First

Amendment rights.  Plaintiff's claim that the Defendants violated his First Amendment rights fails

as a matter of law and should be dismissed.

### C.      Plaintiff's Conspiracy Claim Fails as a Matter of Law

Plaintiff asserts that Defendants conspired to violate his free speech rights in violation of 18

U.S.C. section 241.  See Complaint at 1, 4.  Section 241 provides in part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any
> person...in the free exercise or enjoyment of any right or privilege secured to him by
> the Constitution or laws of the United States, or because of his having so exercised
> the same...[t]hey shall be fined under this title or imprisoned not more than ten years,
> or both.

As discussed above, Plaintiff has not established that Defendants in any way interfered with his First

Amendment rights.  Defendants are not state actors and cannot be liable for any violation of

Plaintiff's First Amendment rights.  To the extent Plaintiff claims Defendants conspired to violate

his freedom of speech, his claim fails.

Moreover, section 241 is a criminal statute that does not create a civil cause of action.  See

United States v. Wadena, 152 F.3d 831, 845 (8th Cir. 1998), citing Cok v. Cosentino, 876 F.2d 1, 2

(1st Cir. 1989) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-

242").  Because Plaintiff has not established that his rights were violated, and because section 241

does not create a private right of action, Plaintiff's claim for conspiracy under section 241 fails as

a matter of law and must be dismissed.

**D.      Plaintiff Fails to State a Claim for Improper Withholding of State Taxes**

Plaintiff alleges that Defendants improperly withheld state taxes from his wages after he

claimed exemption.  Plaintiff cites Schulz v. Internal Revenue Service, 413 F.3d 297 (2nd Cir. 2005)

to substantiate his claim that it is wrongful for an employer to withhold taxes from wages without

a court order.  Schulz, however, provides no such authority.  Rather, Schulz dealt exclusively with

IRS summonses.  It has no bearing on whether Defendants properly withheld state taxes from

Plaintiff's wages.

The Court finds that Plaintiff fails to state a cause for improper withholding.  According to

federal and state law, every employer making payment of wages is required to deduct taxes.

Minnesota Statute section 290.92 specifically instructs employers to withhold state taxes from

employees' wages.  See e.g., subd. 2(a).[1]  In May 2004, the Minnesota Department of Revenue

("MDR") advised Pemstar to disregard Plaintiff's exemption claim because it violated section

---

[1]

In Wilson v. Commissioner of Revenue, 656 N.W.2d 547 (Minn. 2003), the Minnesota Supreme Court held that portions
of section 290.92 relating to an employer's personal liability for an employee's delinquent taxes were unconstitutional.
Those portions appear irrelevant to Plaintiff's claims.  The Minnesota legislature amended section 290.92 in 2005.  See
2005 Minn. Sess. Law Serv. Ch. 151 (H.F. 2228).

290.92.  <u>See</u> Glazier Aff. Ex. A.  By letter, the MDR ordered Pemstar to continue withholding the

taxes as if Plaintiff were single with one withholding allowance.  Plaintiff fails to state a cause of

action for improper withholding.  It is unclear to the Court whether Plaintiff is challenging his

number of allowances, his exempt status, the power of the MDR to order Pemstar to withhold taxes,

or Pemstar's actual withholding.  Plaintiff's claim, as alleged, fails as a matter of law, and should

be dismissed.

### E.      Plaintiff's Claim for "Reputation Damage" Fails

In his fourth and final claim, Plaintiff alleges "damage for reputation and employment record

of Claimant to label the addressed freedom of speech as 'disruptive behavior' and 'misconduct.'"

<u>See</u> Complaint at 2.  He alleges that his unemployment benefits were delayed as result of Pemstar's

"report," and that he has been burdened by health care premiums.  <u>Id.</u>

As with Plaintiff's claim of improper withholding, the Court finds Plaintiff's final claim

vague and difficult to address.  To the extent Plaintiff attempts to challenge his termination, his

claim fails.  Under Minnesota law, employees are generally considered at-will and can be terminated

at any time, with or without cause.  <u>St. Hilaire v. Minco Products, Inc.</u>, 288 F.Supp.2d 999, 1010 n.

17. (D.Minn., 2003) (Kyle, J.) (citations omitted).

To the extent Plaintiff attempts to state a claim for defamation, his claim also fails.  Under

Minnesota law, a statement is not defamatory unless it is communicated to a third party, is false, and

tends to harm the plaintiff's reputation in the community.  <u>Stuempges v. Parke, Davis & Co.</u>, 297

N.W.2d 252, 255 (Minn. 1980).  Foremost, Plaintiff's claim fails because he does not identify the

exact statements he claims are defamatory, or to whom they were communicated.  Plaintiff provides

no evidence that any of the Defendants made false statements to third parties that would tend to harm

his reputation.

Even if any of Defendants statements were defamatory, they would doubtless be considered privileged because they were made upon a proper occasion, from a proper motive and upon reasonable grounds.  See id. at 256-57 (recognizing qualified privilege for defamatory statements based on public policy considerations); see also Lewis v. Equitable Life Assurance Society, 389 N.W.2d 876, 889 (Minn. 1986); Brooks v. Doherty, Rumble & Butler, 481 N.W.2d 120, 125 (Minn. App. 1992).  The Minnesota Supreme Court has held that "communications between the employer's agents made in the course of investigating or punishing employee misconduct are made upon a proper occasion for a proper purpose."  McBride v. Sears Roebuck & Co., 235 N.W.2d 371, 374 (Minn. 1975).  Plaintiff has failed to state a claim that Defendants unlawfully damaged his reputation or employment record, and his fourth claim should be dismissed.

### III.  RECOMMENDATION

Based on the files, records and proceedings herein, **IT IS HEREBY ORDERED** that

1)     Defendants' Motion for Summary Judgment [#7] be **GRANTED;**

2)     Plaintiff's Motion for Default Judgment [#14] be **DENIED;[2]** and

3)     Plaintiff's Motion for Jury Trial [#16] be **DENIED.**


DATED: November 22, 2005                    s/ *Franklin L. Noel*
                                            FRANKLIN L. NOEL
                                            United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with

---

[2]

Plaintiff moved for default judgment, arguing that Defendants' Answer was ineffective because it was improperly signed. The Court finds Plaintiff's argument largely incomprehensible and without merit.

the Clerk of Court and serving on all parties, on or before **December 13, 2005**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **December 13, 2005,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.