## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| HILLMAR-IVAN BITTNER, | Civil No. 05-679 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| PEMSTAR, INC., ROY BAUER, DEBORAH ATHERTON, and CARRIE GLAZIER, | |
| Defendants. | |

Hillmar-Ivan Bittner, 1408 14th Avenue NW, Rochester, MN 55901, plaintiff *pro se*.

Gregory J. Griffiths, **DUNLAP & SEEGER**, P.O. Box 549, Rochester, MN 55903, for defendants.

Hillmar-Ivan Bittner brought this lawsuit against his former employer and supervisors alleging that defendants violated his First Amendment right to free speech, conspired to violate this right, unlawfully withheld funds for state taxes, and damaged his reputation and employment record. In a Report and Recommendation dated November 22, 2005, United States Magistrate Judge Franklin L. Noel recommended granting Defendants' Motion for Summary Judgment.[1] That same day, Bittner filed what

---

[1] On September 12, 2005, Bittner filed a motion for default judgment, arguing that defendants' answer was ineffective because it was improperly signed. On September 30, 2005, Bittner filed a motion for judgment within the admiralty, which is largely incomprehensible. The Magistrate Judge concluded that these motions are without merit and should be denied. The Court agrees.

he labeled a "Motion for Final Judgment." In the supporting memorandum, Bittner alleges that defendants violated the Civil Rights Act of 1964 by unlawfully discriminating against a Native American.

This matter is now before the Court on Bittner's objections to the Magistrate Judge's Report and Recommendation. Bittner objects to the Report and Recommendation on the four claims it addressed, and also emphasizes that he deserves a jury trial on his claim of racial discrimination. The Court conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b). As explained below, the Court overrules plaintiff's objections and adopts the Report and Recommendation. In addition, the Court denies Bittner's "Motion for Final Judgment."

## BACKGROUND

Bittner worked for Pemstar, Inc. from April 1997 to February 14, 2005, as an at-will employee in a manufacturing position. Pemstar concedes that Bittner was generally a "good worker." Indeed, evaluations completed by his supervisors describe Bittner's job performance as "meeting expectations" and often "exceeding company expectations."

In 2004, Bittner began to discuss with other employees a lawsuit he had filed in Olmsted County District Court. Bittner spoke during break periods at work about his personal legal issues and court hearings. Deborah Atherton supervised Bittner at the time. Bittner's co-workers approached Atherton to complain that Bittner's discussions about private legal matters were unwelcome, and asked her to intervene. Also during this

period, an employee told Atherton that the employee felt harassed when Bittner spoke of his membership in a Native American Indian tribe.

On January 25, 2005, Atherton met with Bittner regarding the employees' complaints. Atherton verbally warned Bittner not to discuss his legal affairs or any Native American issues at any time while at Pemstar. Bittner agreed to comply. However, Atherton testified that she thereafter received a least one complaint regarding Bittner's attempt to involve other employees in his court proceedings. Pemstar concluded that Bittner's conduct was improper, that he had harassed other employees and interfered with their ability to work, that he had violated Pemstar policy, and that he had failed to follow orders to stop this conduct. As a result, Pemstar terminated Bittner's employment on February 14, 2005. Bittner is adamant that after the meeting of January 25, 2005, he did not again speak about his court case during work time.

## ANALYSIS

**I.      Summary Judgment Standard**

Summary judgment is appropriate where the moving party establishes that there is no genuine issue of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the moving party bears the burden of bringing forward sufficient evidence to establish that

there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). However, the nonmoving party may not merely rest upon allegations or denials in its pleadings, but it must set forth specific facts by affidavits or otherwise show that there is a genuine issue for trial. *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002).

Although courts view *pro se* pleadings liberally, such pleadings may not be merely conclusory and must state a claim as a matter of law. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II.     Plaintiff's Objections To The Report And Recommendation

### A.     First amendment claim

The First Amendment prohibits the federal government, and the states through the Fourteenth Amendment, from violating the rights of free expression. The First Amendment applies only to state actors, not private entities. *See Niere v. St. Louis County*, 305 F.3d 834, 838 (8th Cir. 2002). Thus, the guarantees of free speech "erec[t] no shield against merely private conduct, however discriminatory or wrongful." *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *see also Hurley v. Irish-American Gay, Lesbian & Bisexual Group of Boston*, 515 U.S. 557, 566 (1995).

Bittner contends that defendants deprived him of his First Amendment right to exercise free speech by ordering him not to discuss his personal legal matters or Native American heritage with Pemstar employees at work. The First Amendment, however, does not shelter Bittner's speech at Pemstar, a non-governmental entity incapable of violating the First Amendment. *See Manson v. Little Rock Newspapers, Inc.*, 200 F.3d 1172, 1173 (8th Cir. 2000) (rejecting employee's First Amendment claim because employees do not have First Amendment free speech rights at a private workplace). Nor can employees and representatives of a private entity such as Pemstar breach the right to freedom of speech. Whether Bittner initiated the disputed conversations during his "personal break time" at work is irrelevant; defendants' private status is determinative. Accordingly, the Court grants defendants' motion for summary judgment on plaintiff's First Amendment claim.

### B.   Conspiracy claim

Bittner asserts that defendants conspired to violate his free speech rights in violation of 18 U.S.C. § 241, which provides in part:

> If two or more persons conspire to injure, oppress, threaten, or intimidate any person . . . in the free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States, or because of his having so exercised the same . . . [t]hey shall be fined under this title or imprisoned not more than ten years, or both.

As noted above, the United States Constitution does not protect Bittner's speech at a private workplace. Additionally, 18 U.S.C. § 241 is a federal criminal statute under which only the United States can file a complaint. *See United States v. Wadena*, 152 F.3d

831, 845 (8th Cir. 1998). Contrary to Bittner's expectations, neither a court of law nor a civil litigant can prosecute under section 241's auspices. Therefore, the Court grants defendants' motion for summary judgment on Bittner's conspiracy claim.

### C.   Improper withholding of state taxes

Bittner argues that Pemstar unlawfully withheld Minnesota state taxes from his wages by not first obtaining Bittner's explicit, written consent.[2] Bitter contends that under these circumstances Pemstar lacked permission to withhold taxes from his paychecks absent a court order.

When Bittner objected to state tax withholdings, Pemstar sought guidance from Minnesota's Department of Revenue. A supervisor of the Withholding Tax Division advised Pemstar to disregard Plaintiff's exemption claim because it conflicts with a Minnesota statute that specifically instructs employers to withhold payroll taxes from employees' wages. *See* Minn. Stat. § 290.92, subd. 2a(1). The Department of Revenue instructed Pemstar to continue withholding on the basis of Bittner being single with one allowance "until you receive further instructions from [the Department of Revenue]." Defendants followed this advice and legally withheld taxes; neither a court order nor

---

[2] Bittner claimed "exempt" on his W-4 form. This Court will not consider whether it was appropriate for Bittner to claim an exemption or otherwise assess his justification for doing so. Rather, this Court addresses Bittner's specific claim that defendants illegally deducted state taxes from his pay.

written consent from an employee is required to legitimately withhold state taxes from the employee.[3]

Pemstar withheld taxes pursuant to state statute, and the Court grants defendants' motion for summary judgment on Bittner's claim for illegal tax withholding.

### D.   "Reputation damage"

As the fourth claim of his complaint, Bittner alleges "damages for reputation and employment records of Claimant to label the addressed freedom of speech as 'disruptive behavior' and 'misconduct.'" He alleges that his unemployment benefits were delayed as a result of Pemstar's "report," and that he has consequently been burdened by health care premiums.

The Court must first determine what cause of action Bittner has raised. In response to the Magistrate Judge's Report and Recommendation, Bittner explains that he is not challenging his termination by Pemstar as an at-will employee. Bittner did not, however, acknowledge Magistrate Noel's interpretation of his complaint as a defamation claim; Bittner simply requested that a neutral panel of jurors be convened to weigh the merits of his claim. Granted that a certain amount of leniency should be afforded to *pro*

---

[3]   In Bittner's objection to the Magistrate Judge's Report and Recommendation, he challenges the Court to cite a law requiring citizens to file federal income taxes. The existence of such a law is irrelevant to the present inquiry because Bittner's complaint deals exclusively with the legality of mandatory state tax withholdings, and a Minnesota state statute is directly on point. Moreover, to the extent Bittner could raise a valid claim against the compulsory nature of tax withholdings, his complaint is directed against the wrong parties.

*se* parties such as Bittner, this Court will overlook the lack of specificity and assess whether a defamation claim would survive summary judgment.

Under Minnesota law, a statement is not defamatory unless it is 1) communicated to a third party, 2) false, and 3) tends to harm the plaintiff's reputation in the community. *Stuempges v. Parke, Davis & Co.*, 297 N.W.2d 252, 255 (Minn. 1980).

In the present case, the first element is not satisfied because Bittner has not alleged that Pemstar made statements about Bittner to a third party. Regarding Bittner's claim that his unemployment benefits were delayed as a result of Pemstar's report, Bittner has not pinpointed any communication by Pemstar to unemployment benefit officials. Nor is there evidence that Pemstar interacted with any of Bittner's potential future employers. The prospect of disclosure to future employers does not raise a present cause for relief against defendants. Accordingly, the Court grants defendants' motion for summary judgment on plaintiff's "reputation damages" claim.

### III.   Plaintiff's "Motion for Final Judgment"

In his memorandum in support of his "Motion for Final Judgment," Bittner contends that defendants "unlawfully discriminated against a Native American in violation of the Civil Rights Act of 1964." His complaint asserts "civil rights" violations, but he does not appear to specifically assert a racial discrimination claim.[4] Because Bittner is a *pro se* plaintiff, the Court could construe his "Motion for Final Judgment" as

---

[4] Bittner's complaint alleges a "Violation of Civil Rights at place of employment – specifically U.S. Constitution, First Amendment, abridging freedom of speech during personal break time."

a motion to amend his complaint. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Indeed, the fact that defendants terminated Bittner in part because he talked about his Native American heritage raises an inference of racial discrimination. However, it would be futile to add a claim of racial discrimination under Title VII of the Civil Rights Act because Bittner failed to exhaust his administrative remedies by filing a charge with the Equal Employment Opportunity Commission within 300 days from the date of the alleged violation. *See* 42 U.S.C. § 2000e-5(e)(1); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994). Therefore, the Court denies Bittner's "Motion for Final Judgment."

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 33] and **ADOPTS** the Magistrate Judge's Report and Recommendation [Docket No. 29]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment [Docket No. 7] is **GRANTED**.

2. Plaintiff's Motion for Default Judgment [Docket No. 27] is **DENIED**.

3. Plaintiff's Motion for Judgment Within the Admiralty [Docket No. 28] is **DENIED**.

**IT IS FURTHER HEREBY ORDERED** that:

4. Plaintiff's Motion for Final Judgment [Docket No. 30] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:   March 24, 2006              s/ John R. Tunheim    _
at Minneapolis, Minnesota.                JOHN R. TUNHEIM
                                      United States District Judge